**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| BANK OF AMERICA, N.A., | CIVIL ACTION NO. 14-2040 (MLC) |
| Plaintiff, | **MEMORANDUM OPINION** |
| v. | |
| PETER A. LUKOWIAK, JR., et al., | |
| Defendants. | |

**THE PLAINTIFF BANK** brought this foreclosure action in state court. (See dkt. entry no. 1-1, Compl.)  The defendants removed this action to this Court based on jurisdiction pursuant to 28 U.S.C. § ("Section") 1332, as, inter alia, (1) the plaintiff is deemed to be a California citizen, and (2) the defendants are New Jersey citizens.  (See dkt. entry no. 1, Notice of Removal at 2-4.)

**THE REMOVAL** is barred by the forum-defendant rule.  Pursuant to the forum-defendant rule, a "civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) . . . may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought".  28 U.S.C. § 1441(b)(2); see Lincoln Prop. Co. v. Roche, 546 U.S. 81, 84 (2005) (stating "[d]efendants may remove an action on the basis of diversity of citizenship if there is complete diversity between all named

plaintiffs and all named defendants, and no defendant is a citizen of the forum State"); Bor. of W. Mifflin v. Lancaster, 45 F.3d 780, 785 (3d Cir. 1995) (stating "[Section] 1441(b) diversity cases have an additional obstacle to removal: a resident defendant is barred from removing to federal court"). The removal of this action is barred, as at least one defendant is a citizen — indeed, both defendants are citizens — of the state in which this action was brought, i.e., New Jersey.[1]

**THE COURT** will therefore remand the action to state court. The Court will issue an appropriate order and judgment.

    s/ Mary L. Cooper
**MARY L. COOPER**
United States District Judge

**Dated:** April 22, 2014

---

[1] Subject-matter jurisdiction pursuant to Section 1331 — although not properly asserted by the defendants in support of removal — is also lacking. See Bank of N.Y. Mellon Trust Co., Nat'l Ass'n v. Poczobut, No. 13-3303, 2013 WL 4012561, at *2 (D.N.J. Aug. 5, 2013) (remanding foreclosure action for, inter alia, lack of Section 1331 jurisdiction because (1) plaintiff bank asserted no federal claims, and (2) an adjudication that would involve either federal issues raised outside of the complaint or federal defenses does not give rise to jurisdiction); see also Vaden v. Discover Bank, 556 U.S. 49, 60-61 (2009) (stating "it would undermine the clarity and simplicity of . . . [the well-pleaded complaint] rule if federal courts were obliged to consider the contents not only of the complaint but also of responsive pleadings").